SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF OTSEGO

---

HELMUT BOEHL AND LOIS BOEHL

PLAINTIFFS,

V.

WRIGHT MEDICAL GROUP INC., "JOHN DOE #1-#5" AND "JANE DOE #1-#5" (SAID NAMES BEING FICTITIOUS AND UNKNOWN, IT BEING THE INTENTION OF PLAINTIFF TO DESIGNATE ANY AND ALL PERSONS, CORPORATIONS, AND/OR OTHER BUSINESS ENTITIES WHO MAY BE DETERMINED TO BE LIABLE FOR PLAINTIFFS' INJURIES), JOINTLY, SEVERALLY OR IN THE ALTERNATIVE,

DEFENDANTS.

---

INDEX NO. 20180253

SUMMONS

FILED
MAR 27 2018
OTSEGO COUNTY
CLERK'S OFFICE

To the person(s) named as defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the Plaintiffs herein and to serve a copy of your answer on the Plaintiffs at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

DATED: March 26, 2018

_____
By: Andrew M. Grenell, Esq.
FEIN, SUCH, KAHN & SHEPARD, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
*Attorneys for Plaintiffs, Helmut Boehl and Lois Boehl*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF OTSEGO

| | |
|---|---|
| HELMUT BOEHL AND LOIS BOEHL<br><br>PLAINTIFFS,<br><br>V.<br><br>WRIGHT MEDICAL GROUP INC., "JOHN DOE #1-#5" AND "JANE DOE #1-#5" (SAID NAMES BEING FICTITIOUS AND UNKNOWN, IT BEING THE INTENTION OF PLAINTIFF TO DESIGNATE ANY AND ALL PERSONS, CORPORATIONS, AND/OR OTHER BUSINESS ENTITIES WHO MAY BE DETERMINED TO BE LIABLE FOR PLAINTIFFS' INJURIES), JOINTLY, SEVERALLY OR IN THE ALTERNATIVE,<br><br>DEFENDANTS. | INDEX NO.<br><br>**20180253**<br><br>COMPLAINT<br><br>FILED<br>MAR 27 2018<br>OTSEGO COUNTY<br>CLERK'S OFFICE |

Plaintiffs, Helmut Boehl and Lois Boehl, by and through their attorneys, Fein, Such, Kahn & Shepard, P.C. allege as follows:

### PARTIES AND FACTS COMMON TO ALL COUNTS

1. At all times relevant hereto, plaintiffs, Helmut Boehl and Lois Boehl, were residents of the State of New York, County of Otsego, residing at the address of 135 Mary Brown Hill Road, Laurens, New York 13796-2116.

2. At all times relevant hereto, Plaintiffs, Helmut Boehl (hereinafter "Plaintiff") and Lois Boehl (hereinafter "Mrs. Boehl") have been and continue to be married.

3. At all times relevant hereto, defendant, Wright Medical Group Inc., (hereinafter "Wright") was a Delaware corporation with a principal place of business at 1023 Cherry Road, Memphis, Tennessee 38117.

4. Wright is principally engaged in the business of designing and manufacturing implantable medical devices, including orthopedic prosthetics and their components.

5. One of the devices Wright designs and manufactures is known as the Tornier Aequalis Reversed II, a prosthetic device with its associated components intended to act as a total shoulder replacement (the "Device").

6. On November 13, 2014, Plaintiff underwent a reverse shoulder arthroplasty on his right shoulder (i.e. a total right shoulder replacement) wherein Wright's Device was implanted in Plaintiff.

7. On March 26, 2015, Plaintiff underwent a reverse shoulder arthroplasty on his left shoulder (i.e. a total left shoulder replacement) wherein Wright's Device was implanted in Plaintiff.

8. On November 13, 2015, one of Plaintiff's physicians discovered one of the screws that held the Device in place on Plaintiff's left side had broken.

9. On April 6, 2016, Plaintiff was required to undergo surgery to replace a portion of the Device implanted in Plaintiff's left side.

10. On or about April 28, 2017, one of Plaintiff's physicians discovered that one of the screws that held the Device in place on Plaintiff's right side had broken.

11. On or about July 12, 2017, one of Plaintiff's physicians discovered that two additional screws that held the Device in place on Plaintiff's right side had broken.

12. On August 8, 2017, Plaintiff underwent surgery to have the broken Device removed from his right side.

13. On September 19, 2017, Plaintiff was admitted to the hospital for treatment of a massive infection that originated in his right shoulder.

14. On September 26, 2017, Plaintiff was required to undergo another surgery to remove infected tissue.

15. Plaintiff's physician has determined that Wright's Device or one like it is now unusable on Plaintiff's right side as a result of damage caused by Wright's Device.

16. To repair Plaintiff's right shoulder, a custom designed orthopedic device will have to be manufactured for Plaintiff.

17. At all times relevant hereto, Plaintiff used these Devices as they were intended to be used.

18. As a result of the defective Devices implanted in Plaintiff's left and right shoulders, Plaintiff's quality of life has been and will continue to be significantly diminished. For example, and not by way of limitation, Plaintiff is unable to dress himself, lift his arms above his head, or enjoy daily activities he enjoyed before Wright's implanted Devices failed.

19. As a result of the defective Devices implanted in Plaintiff's left and right shoulders, Plaintiff has sustained severe and disabling injuries and has endured significant physical pain and suffering, to his great detriment and damages.

20. As a result of the defective Devices implanted in Plaintiff's left and right shoulders, Plaintiff has undergone numerous additional, highly invasive surgeries and is anticipated to undergo at least one additional highly invasive surgery.

## FIRST COUNT

21. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth herein verbatim.

22. At all times relevant hereto, the Devices were defective as to design, manufacture, and warning, rendering each Device unsafe for its intended use.

23. When used as intended, these Devices were and are not reasonably safe.

24. As a direct and proximate result of these defective Devices, Plaintiff has sustained severe, grievous and disabling injuries, to his great detriment and damage, has undergone and will in the future undergo unnecessary surgery, has incurred and will in the future incur medical expenses, has endured and will in the future continue to endure pain and suffering.

3

WHEREFORE, Plaintiffs demand judgment for compensatory damages together with interest, costs, attorney's fees, and such other and further relief as this Court deems equitable and just.

### SECOND COUNT

25. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth herein verbatim.

26. Wright had a duty to Plaintiff to exercise reasonable care in designing, manufacturing, providing sufficient warnings for and/or inspecting these Devices.

27. Wright failed to exercise reasonable care in designing, manufacturing, providing sufficient warnings for, and/or inspecting these Devices and placing them into the stream of commerce.

28. As a result of Wright's failure to exercise reasonable care in designing, manufacturing, providing sufficient warnings for and/or inspecting these Devices, when used as intended, these Devices were dangerous and therefore defective.

29. Wright was therefore negligent in its design, manufacture, providing sufficient warnings for, and/or inspection of these Devices.

30. As a direct and proximate result of these defective Devices, Plaintiff has sustained severe, grievous and disabling injuries, to his great detriment and damage, has undergone and will in the future undergo unnecessary surgery, has incurred and will in the future incur medical expenses, has endured and will in the future continue to endure pain and suffering.

WHEREFORE, Plaintiffs demand judgment for compensatory damages together with interest, costs, attorney's fees, and such other and further relief as this Court deems equitable and just.

### THIRD COUNT

31. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth herein verbatim.

32. Each of the Devices is a "Good" within the meaning of Section 2-105 of New York's Uniform Commercial Code.

33. Each Device was not fit for the ordinary purpose for which the Device is typically used.

34. Wright therefore breached the implied warranty of fitness for a particular purpose codified in New York's Uniform Commercial Code at Section 2-314.

35. As a direct and proximate result of Wright's breach of the implied warranty of fitness for a particular purpose, Plaintiff has sustained severe, grievous and disabling injuries, to his great detriment and damage, has undergone and will in the future undergo unnecessary surgery, has incurred and will in the future incur medical expenses, has endured and will in the future continue to endure pain and suffering.

WHEREFORE, Plaintiffs demand judgment for compensatory damages together with interest, costs, attorney's fees, and such other and further relief as this Court deems equitable and just.

### FOURTH COUNT

36. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth herein verbatim.

37. At all times relevant hereto, Mrs. Boehl has been and continues to be Plaintiff's spouse.

38. Prior to the injuries Wright's Devices caused Plaintiff, Plaintiff was healthy, sound, able to, and actually did provide Mrs. Boehl with services, society, consortium, love, aid, and affection typical of the spousal relationship.

39. Due to the injuries to Plaintiff, more specifically described in the previous counts of this Complaint, Mrs. Boehl has been and will, in the future, continue to be deprived of Plaintiff's services, society, consortium, love, aid, and affection typical of the spousal relationship.

5

WHEREFORE, Plaintiffs demand judgment for compensatory damages together with interest, costs, attorney's fees, and such other and further relief as this Court deems equitable and just.

DATED: March 26, 2018

By: Andrew M. Grenell, Esq.
FEIN, SUCH, KAHN & SHEPARD, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
*Attorneys for Plaintiffs, Helmut Boehl and Lois Boehl*

6

**20180253**

INDEX NO.

COUNTY OF OTSEGO

**FILED**

**MAR 27 2018**

OTSEGO COUNTY
CLERK'S OFFICE

ALL-STATE LEGAL
07101-BF·07102-BL·07103-GY·07104-WH
800.222.0510  www.aslegal.com

Hemut Boehl and Lois Boehl

Plaintiffs,
-vs-

Wright Medical Group Inc., "John Doe #1-#5" and "Jane Doe #1-#5" (said names being fictitious and unknown, it being the intention of Plaintiff to designate any and all persons, corporations, and/or other business entities who may be determined to be liable for Plaintiffs' injuries), jointly, severally or in the alternative,

Defendants.

## SUMMONS AND COMPLAINT

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Attorneys for Plaintiff
7 Century Drive, Suite 201
Parsippany, New Jersey
973-538-4700

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: March 26, 2018

Signature: _____

Print Signer's Name: Andrew M. Grenell, Esq.

Service of a copy of the within is hereby admitted.

Dated:..........................................................

Attorneys for Wright Medical Group, Inc.

PLEASE TAKE NOTICE
☐ that the within a (certified) true copy of a entered in the office of the clerk of the within named Court on
☐ that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                                           one of the judges of the within named Court,
at
on                                    20     , at                    M.

Dated:

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Attorneys for Plaintiff
7 Century Drive, Suite 201
Parsippany, New Jersey
973-538-4700